IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| MOHAMMED A. ALSALAHAT, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § Civil Action No. 4:25-cv-00607-O-BP |
| | § |
| MERRICK GARLAND, *et al.*, | § |
| | § |
| Defendants. | § |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are the Motion to Remand that Defendant Attorney General Pamela Bondi ("Bondi") filed on September 15, 2025, the response that Plaintiff Mohammed Alsalahat ("Alsalahat") filed on October 3, 2025, and the reply that Bondi filed on October 10, 2025. ECF Nos. 10, 13, 14. After considering the pleadings and the applicable legal authorities, the undersigned **RECOMMENDS** that Chief United States District Judge Reed O'Connor **GRANT** the Defendant's Motion to Remand.

**I.   BACKGROUND**

Alsalahat filed his complaint on June 10, 2025, requesting "de novo naturalization and/or mandamus on his naturalization application pursuant to 8 U.S.C. § 1447(b)." ECF No. 1. He alleges that his naturalization application had been pending with United States Citizenship and Immigration Services ("USCIS") since November 30, 2018. *Id.* He claims that the Court has "exclusive jurisdiction" over his application under 8 U.S.C. § 1447 as it has been pending for more than 120 days. He argues that this lengthy delay justifies the need for the Court to adjudicate his immigration application on a de novo basis.

On September 15, 2025, Bondi moved to remand the case to USCIS. ECF No. 10. She argues that remand to USCIS is appropriate to allow the agency to issue a decision on the immigration application rather than the district court. *Id.* Bondi contends that remand of the case would be more efficient, preserve judicial resources, and comports with congressional delegation of the naturalization process to USCIS. *Id.* at 2-3. Further, she contends that USCIS will adjudicate the immigration application within 90 days of the remand. *Id.* at 3.

Alsalahat argues that it is appropriate for the Court to adjudicate his immigration application because USCIS already has had more than four years to complete this task. ECF No. 13 at 1. In addition, he argues that USCIS has not met its previous self-imposed deadlines and assurances to provide a decision in his case, and the Court should not provide USCIS with further extensions. ECF No. 1 at 3. He contends that these delays justify district court intervention to exercise the statutory power of adjudication that Congress provided. ECF No. 13 at 1.

## II.  LEGAL STANDARDS

Federal courts are courts of limited jurisdiction that can consider cases only as provided for in the Constitution and statutes of the United States. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307 (5th Cir. 2014). Section 1447 provides district courts with jurisdiction to review naturalization applications if no determination is made within 120 days. The statute allows the district court to "either decide the matter or remand the matter, with appropriate instructions, to the Service, to determine the matter." 8 U.S.C. § 1447(b).

"Although in some circumstances it may be appropriate for the district court to adjudicate a plaintiff's naturalization application in the first instance, the vast majority of district courts remand lawsuits filed under § 1447(b) for USCIS to decide . . . whether to grant or deny an

application for naturalization." *Bathija v. U.S. Dep't of Homeland Sec.*, No. 3:24-CV-0526-D, 2024 WL 2854271, at *2 (N.D. Tex. June 5, 2024) (citing *Kaliuzhna v. DHS*, 2019 WL 13136762, at *2 (W.D. Tex. Dec. 17, 2019)). This is because generally, USCIS "is likely in a better position to review Plaintiff's background investigative file and/or weigh the merits of Plaintiff's application in the first instance." *Id.* (citing *Kaliuzhna* WL 13136762, at *2). And remand is often an adequate remedy because in the event USCIS eventually denies the plaintiff's application, 8 U.S.C. § 1421(c) still permits judicial review. *Id.*

However, courts may deny remand and choose to exercise their statutory authority to adjudicate the merits of a naturalization application in some situations. *Id.* (citing *Taalebinezhaad v. Chertoff*, 581 F.Supp.2d 243, 246 (D. Mass. 2008). For example, courts consider the length of the delay in the application adjudication, and whether USCIS has provided good reasons for the delay. *Id.* And courts are more likely to remand a case when "USCIS gives assurances that it will act quickly on an application if the court orders remand". *Id.*

### III.     ANALYSIS

Alsalahat's immigration application is now approximately four years old, and while the last deadline USCIS provided for adjudication was June 4, 2025, USCIS still has not issued a decision. ECF No. 1 at 3. It also appears that USCIS has not provided "good reason" for this delay. However, the Defendant has provided adequate assurances that USCIS will reach a decision within 90 days after remand of the case. ECF No. 10 at 3. Because district courts remand in the vast majority of cases and Defendant has provided adequate assurances, remand is appropriate with instructions to USCIS to adjudicate Alsalahat's immigration application within 90 days from the date of the remand order.

### IV. CONCLUSION

The undersigned therefore **RECOMMENDS** that Chief Judge O'Connor **GRANT** Bondi's Motion to Remand (ECF No. 10), **REMAND** this case to USCIS, and **STAY** all deadlines in the case pending adjudication of Plaintiff's Form N-400 application.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**SIGNED** October 15, 2025.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE